IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMMETT CLEMENTSON, IV | ) | CASE NO. 1:12-CV-1317 |
| | ) | |
| Petitioner, | ) | JUDGE NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| TERRY TIBBALS, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2).

Before the court is the petition of Emmett Clementson, IV ("Clementson") for a writ of

habeas corpus filed pursuant to 28 U.S.C. § 2254.  Clementson is in the custody of the

Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence

in the case of *State of Ohio vs. Clementson*, Case No. CR-09-526381-A (Cuyahoga

County October 14, 2009).  (10/14/2009 Journal Entry, Doc. No. 9-1 at Ex. 4.)  For the

reasons set forth below, it is recommended that Clementson's petition be dismissed

with prejudice.

### I. Factual Background

The state appellate court reviewing Clementson's application to reopen his

appeal noted the following relevant facts:

> Clementson and his wife had separated.  He went to her
> residence at night and waited outside until everyone –
> including his wife's three children – were asleep.  He
> believed that his wife was with another man that night.
> Clementson entered the home with a baseball bat and hit
> the male guest with the bat.  The guest escaped.

> Clementson took a knife and stabbed his wife several times
> in the bedroom.  She tried to escape to the kitchen when he
> continued to stab her, despite the effort of one son to get in
> between them.  She presented the trial court with medical
> bills in excess of $40,000 for treatment of her injuries.

*State v. Clementson*, No. 94230, 2011 WL 1419626, * 4 (Ohio App. Ct. Apr. 8, 2011).

## II. State Procedural History

### A.    Trial Court Proceedings

On July 24, 2009, a Cuyahoga County grand jury issued an eight-count indictment, charging Clementson with, in relevant part, one count each of attempted murder, aggravated burglary, felonious assault, and domestic violence.  (Indictment, Doc. No. 9-1 at Ex. 1.) On September 14, 2009, Clementson pleaded guilty to these four counts.  (9/14/2009 Journal Entry, Doc. No. 9-1 at Ex. 3; Plea Transcript, Doc. No. 9-4.)  On October 14, 2009, the state trial court imposed concurrent 10-year terms of imprisonment on the attempted murder and aggravated burglary counts, to run consecutive to consecutive terms of five years on the felonious assault count and one and one-half years on the domestic violence count, totaling 16 and one-half years of imprisonment.  (10/14/2009 Journal Entry, Doc. No. 9-1 at Ex. 4; Sentencing Transcript, Doc. No. 9-4.)  Attorney George W. MacDonald represented Clementson during his criminal proceedings in the state trial court.  (*See, e.g., Id.*)

### B.    Direct Appeal

On November 10, 2009, Clementson filed a notice of appeal from the state trial court's judgment.  (11/10/2009 Notice of Appeal, Doc. No. 9-1 at Ex. 5.)  Attorney MacDonald represented Clementson in his appeal from the state trial court's judgment.

2

(*Id.*)  On appeal, Clementson raised, *inter alias*, the following assignment of error:

> Assignment of Error Number Two: The trial court erred in
> imposing consecutive sentences upon Appellant.

(State Court Appellant's Brief, Doc. No. 9-1 at Ex. 6.)  On July 22, 2010, the state

appellate court affirmed the judgment of the trial court, noting that whether to impose

consecutive sentences was within the trial court's discretion, and concluding that the

trial court had not abused its discretion in imposing consecutive sentences in

Clementson's case.  *See State v. Clementson*, No. 94230, 2010 WL 2861853, * 2-3

(Ohio App. Ct. July 22, 2011).

On September 7, 2010, Clementson filed a notice of appeal in the Supreme

Court of Ohio.  (9/07/2010 Notice of Appeal, Doc. No. 9-1 at Ex. 9.)  In his

memorandum in support of jurisdiction, Clementson raised the following assignment of

error:

> Because the *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-
> 856, finding that R.C. § 2929.14(E) is unconstitutional has
> been found to be erroneous by the Supreme Court of the
> United States in *Oregon v. Ice*, (2009), ___ U.S. ___, 129 S.
> Ct. 711, the requirements of that statute remain in full effect.
> Therefore, a sentencing judge must make full findings,
> based on the record, justifying consecutive terms of
> incarceration.

(Memorandum in Support of Jurisdiction, Doc. No. 9-1 at Ex. 10.)  On December 1,

2010, the Ohio Supreme Court accepted Clementson's appeal, and held it in abeyance

pending that court's decision in *State v. Hodge*, 941 N.E.2d 768, 128 Ohio St.3d 1

(Ohio 2010).  On January 25, 2011, the Ohio Supreme Court affirmed the judgment of

the state trial court, on the authority of its decision in *Hodge*.  *See In re Cases Held for*

3

*the Decision in State v, Hodge*, 943 N.E.2d 534, 535, 128 Ohio St.3d 234, 235 (Ohio 2011).

**C.     Motion to Set Aside or Vacate Sentence under Ohio Rev. Code § 2953.21**

On May 28, 2010 – while his direct appeal was pending in the state appellate court – Clementson, *pro se*, filed in the state trial court a motion to vacate or set aside his sentence under Ohio Rev. Code § 2953.21, alleging that his counsel had not given him all of the "relevant facts" before he decided to plead guilty.  (Motion to Set Aside or Vacate Sentence, Doc. No. 9-1 at Ex. 21.) On June 21, 2010, the state trial court denied the motion, finding that Clementson's claims were barred by *res judicata*, and that he had failed to demonstrate either ineffective assistance or a manifest miscarriage of justice.  (6/21/2010 Journal Entry, Doc. No. 9-1 at Ex. 23.) Clementson did not file a notice of appeal from the state trial court's decision, and he does not raise this issue in his § 2254 petition.

**D.     Application for Reopening**

On October 15, 2010, while his direct appeal was pending in the Ohio Supreme Court, Clementson, through new counsel, filed an application to reopen his appeal, pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure.  (Application for Reopening, Doc. 9-1 at Ex. 14.)  In his application, Clementson argued that his appellate counsel had been ineffective in failing to raise the following issues on appeal:

> I.     The trial court failed to determine whether the convictions were allied offenses and therefore, should have been merged for purposes of sentencing pursuant to R.C. § 2941.25.
>
> II.    [Trial counsel was ineffective in failing ]to request that

4

> the convictions of domestic violence and attempted murder be merged because they are allied under R.C. § 2941.25.

(*Id*.)  On April 8, 2011, the state appellate court denied Clementson's application for reopening.  *State v. Clementson*, No. 94230, 2011 WL 1419626 (Ohio App. Ct. Apr. 8, 2011).  With respect to Clementson's first basis for his ineffective assistance claim, the appellate court concluded that, because Clementson had entered separate pleas of guilty to four of the eight charges against him without jointly recommending a sentence to the trial court, and because the State had not conceded that the charges were allied offenses, Clementson had waived any argument in this context.  *Id*. at * 2-3.  The appellate court rejected Clementson's second basis for alleging ineffective assistance, pointing out that Clementson's trial counsel had also represented him on appeal, and noting, "'It is well established that appellate counsel is not expected to assign as error his or her own purported ineffectiveness as trial counsel.'"  *Id*. at *3 (quoting *State v. Fannin*, No. 80014, 2008 WL 152454, *1 (Ohio App. Ct. Jan. 16, 2008)).

On May 20, 2011, Clementson, now *pro se*, filed a notice of appeal in the Ohio Supreme Court.  (5/20/2011 Notice of Appeal, Doc. No. 9-1 at Ex. 17.)  On July 6, 2011, the Ohio Supreme Court declined jurisdiction and dismissed the appeal.  (7/08/2011 Entry, Doc. No. 9-1 at Ex. 20.)

5

### III. Proceedings in This Court

On May 25, 2012, Clementson, *pro se*, filed his § 2254 petition in this Court.

(§ 2254 Petition, Doc. No. 1.)[1]  He raises the following grounds for relief:

> I.  [A] trial court violates an individual's rights under the Sixth Amendment and the [D]ue [P]rocess [C]lause of the United States Constitution when it imposes consecutive sentences, when the trial court does not make findings of fact due to the State Supreme Court's unreasonable application of the United States Supreme [C]ourt precedent.
>
> II.  The trial court erred when it sentenced petitioner to consecutive sentences when it failed to determine whether the convictions were allied offenses of similar import, in violation of the [U]nited States Constitition's Double Jeopardy Clause and Ohio's Revised Code [§] 2941.25.
>
> III.  Petitioner received ineffective assistance of trial counsel for failing to request for the convictions to be merged because they are allied offenses of similar import pursuant to R.C. [§} 2941.25.

(Memorandum in Support, Doc. No. 1-4.)  The State filed its Answer/Return of Writ

(Doc. No. 9), and, thereafter, Clementson filed his Traverse (Doc. No. 10).  Accordingly,

the petition is ready for decision.

### IV. Procedural Issues

**A.   Jurisdiction**

A state prisoner may file a § 2254 petition in "the district court for the district

wherein such person is in custody or in the district court for the district within which the

State court was held which convicted and sentenced him."  28 U.S.C. § 2241(d).  The

---

[1]   The State does not dispute that Clementson's petition is timely.

6

Court of Common Pleas of Cuyahoga County, Ohio sentenced Clementson.

(10/14/2009 Journal Entry, Doc. No. 9-1 at Ex. 4; Sentencing Transcript, Doc. No. 9-4.)

Cuyahoga County is within this Court's geographic jurisdiction.  *See* 28 U.S.C. § 115(a).

Accordingly, this Court has jurisdiction over Clementson's petition.

**B.      Exhaustion and Procedural Default**

A state prisoner must exhaust all available state remedies or have no remaining

state remedies available prior to seeking review of a conviction via federal habeas

corpus.  *See* 28 U.S.C. § 2254(b) and (c); *Castille v. Peoples*, 489 U.S. 346, 349

(1989); *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991).  If any state

procedures for relief remain available, the petitioner has not exhausted his state

remedies, and a federal court must dismiss his petition.  *See Rust v. Zent*, 17 F.3d 155,

160 (6th Cir. 1994).  The exhaustion requirement is properly satisfied when the highest

court in the state in which petitioner was convicted has been given a full and fair

opportunity to rule on all the petitioner's claims.  *See Manning v. Alexander*, 912 F.2d

878, 881-83 (6th Cir. 1990).

Similarly, a federal court may not review  "contentions of federal law . . .  not

resolved on the merits in the state proceeding due to respondent's failure to raise them

there as required by state procedure."  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

When a petitioner "has defaulted his federal claims in state court pursuant to an

independent and adequate state procedural rule, federal habeas review of the claims is

barred unless the prisoner can demonstrate cause for the default and actual prejudice

as a result of the alleged violation of federal law, or demonstrate that failure to consider

7

the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,*

*501 U.S. 722, 750 (1991)*.

If the State argues that a petitioner has procedurally defaulted, the Court must

conduct a four-step analysis to determine whether the petitioner has indeed defaulted

and, if so, whether the procedural default may be excused:

> First, the court must determine that there is a state
> procedural rule that is applicable to the petitioner's claim and
> that the petitioner failed to comply with the rule. . . . Second,
> the court must decide whether the state courts actually
> enforced the state procedural sanction.  . . . Third, the court
> must decide whether the state procedural forfeiture is an
> "adequate and independent" state ground on which the state
> can rely to foreclose review of a federal constitutional claim.
> . . . This question generally will involve an examination of the
> legitimate state interests behind the procedural rule in light
> of the federal interest in considering federal claims. . . .
> [Fourth, if] the court determines that a state procedural rule
> was not complied with and that the rule was an adequate
> and independent state ground, then the petitioner must
> demonstrate . . . that there was "cause" for him to not follow
> the procedural rule and that he was actually prejudiced by
> the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Here, the State argues that, because Clementson failed to fairly present his

second and third grounds for relief to the state courts, they are unexhausted and

procedurally defaulted.  Clementson argues that he properly exhausted these grounds

for relief by raising them in his application for reopening, and again in the memorandum

in support of jurisdiction that accompanied his notice of appeal from the appellate court

decision denying the application.  (Traverse at 4-5, Doc. No. 10 at 4-5.)  However, the

review of Clementson's application for reopening, as set forth below, reveals that, in

that application, he alleged that he was entitled to reopening on the basis of two errors

by his appellate counsel, rather than on the two grounds at issue here.  (Application for Reopening, Doc. No. 9-1 at Ex. 14.)  Further, Clementson did not raise the two grounds for relief at issue in his § 2254 petition at any other point in his state court proceedings.

Clementson's traverse can be construed to contend that, because the errors he now seeks to raise as grounds two (the trial court's failure to determine whether his convictions were allied offenses of similar import) and three (ineffective assistance of trial counsel for failure to request merger of his convictions as allied offenses) in his § 2254 petition formed the bases of his claims of ineffective assistance of appellate counsel in his application for reopening, the state appellate court considered them, and he has properly exhausted them.  This argument lacks merit, as presenting these claims in the context of ineffective assistance of counsel was not sufficient to "fairly present" them to the state courts.  *See, e.g., Wagner v. Smith*, 581 F.3d 410, 417-18 (6th Cir. 2009) (finding that the petitioner failed to exhaust a prosecutorial misconduct claim where he presented it to the state courts in the context of ineffective assistance of counsel, noting that doing so "did not present the *prosecutorial misconduct* claim to the state court in the same legal and factual terms as Petitioner did before this Court") (emphasis in original).  Accordingly, Clementson failed to fairly present either his second or third ground for relief to the state courts.  Generally, where a claim is unexhausted, this Court dismisses the habeas petition without prejudice to allow the petitioner to return to state court to pursue his available remedies.  *See* 28 U.S.C. § 2254(c); *Rose v. Lundy*, 455 U.S. 509 (1982).  However, in this case, Clementson's second and third grounds for relief are also procedurally defaulted.

9

**1.     Second Ground for Relief - Trial Court Error - Procedural Default**

The error at issue in Clementson's second ground for relief – the trial court's

failure to determine whether his convictions were for allied offenses of similar import –

arises out of the record of proceedings in the trial court, and, thus, Clementson could

have raised it on direct appeal.  He failed to do so and, under Ohio law, *res judicata*

now prohibits him from raising the issue in any post-conviction proceeding.  *See State*

*v. Cole*, 443 N.E.2d 169, 171, 2 Ohio St.3d 112, 113 (Ohio 1982); *State v. Perry*, 226

N.E.2d 104, 10 Ohio St.2d 175 (Ohio 1967) (holding that *res judicata* bars a criminal

defendant from raising in post-conviction proceedings those claims that could have

been raised on direct appeal).  Thus, there are no longer any state court remedies still

available to Clementson with respect to this claim, and this Court may deem the claim

procedurally defaulted.  *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996)

("Because the exhaustion requirement 'refers only to remedies still available at the time

of the federal petition,' *Engle v. Isaac*, 456 U.S. 107, 125, n.28 (1982), it is satisfied 'if it

is clear that [the habeas petitioner's] claims are now procedurally barred under [state]

law,' *Castille*[, 489 U.S. at 351].").

Because Clementson procedurally defaulted his second ground for relief, this

Court may review it only if he can demonstrate cause and prejudice for the default*, see*

*Gray*, 518 U.S. at 162 ("[T]he procedural bar that gives rise to exhaustion provides an

independent and adequate state-law ground[2] for the conviction and sentence, and thus

_____

[2]    The Sixth Circuit has determined that "the application of *res judicata* is an
adequate and independent state ground justifying foreclosure of constitutional
claims in habeas." *Mason v. Mitchell*, 320 F.3d 604, 628 (6th Cir. 2003).

10

prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default."), or that this Court's failure to review the merits of his claim will result in a fundamental miscarriage of justice, *Coleman*, 501 U.S. at 750.  Clementson does not offer any argument regarding either the cause for, or prejudice resulting from, his procedural default of this issue.

Further, even if this Court liberally construes Clementson's argument, *see Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) ("The allegations of a *pro se* habeas petition, though vague and conclusory, are entitled to a liberal construction . . . "), to assert that his appellate counsel's failure to raise the issue on direct appeal constitutes cause for his procedural default, the argument lacks merit.  Although a petitioner may satisfy the "cause" prong of the "cause-and-prejudice" test by showing  ineffective assistance of counsel,[3] *see Murray v. Carrier*, 477 U.S. 478, 488 (1986), to demonstrate such ineffective assistance, a petitioner must demonstrate both that his counsel's performance was "outside the wide range of professionally competent assistance," and that the allegedly ineffective assistance caused him prejudice*, see Strickland v. Washington*, 466 U.S. 668, 690, 693 (1984).  Here, Clementson's argument fails the second part of the *Strickland* test.  *See id.* at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").  In rejecting Clementson's claim that his appellate counsel

---

[3]  It is well established that "the exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. at 488-89.  In this case, Clementson raised his appellate counsel's ineffectiveness as an independent claim in state court. (Application for Reopening, Doc. No. 9-1 at Ex. 14.)

was ineffective in failing to raise this issue on direct appeal, the state appellate court

concluded that, under Ohio law in effect at the time of Clementson's appeal, this claim

would not have succeeded:

> In *State v. Antenori*, [No. 90580, 2008 WL 4951248, (Ohio
> App. Nov. 20, 2008)], Antenori was charged with murder and
> felonious assault and pleaded guilty to involuntary
> manslaughter (amended from murder) and felonious assault.
> The trial court imposed consecutive sentences.  This court
> held that, "by voluntarily entering his guilty pleas to two
> separate offenses, defendant waived any argument that the
> same constituted allied offenses of similar import."
>
>          *  *  *
>
> Likewise, Clementson entered separate guilty pleas to four of
> eight charges, the parties did *not* jointly recommend a
> sentence to the trial court, and the state did not concede that
> the charges were allied offenses.  This court decided
> *Antenori* in 2008, and Clementson's case was briefed,
> argued and decided in 2009-2010. In light of *Antenori*,
> therefore, Clementson has not met his burden to
> demonstrate that there is a genuine issue of a colorable claim
> of the ineffective assistance of appellate counsel.

*State v. Clementson*, No. 94230, 2011 WL 1419626, *2 (Ohio App. Ct. Apr. 8, 2011)

(quoting *Antenori*, 2008 WL 4951248 at *1) (internal citation omitted).  Accordingly,

even broadly construing Clementson's argument, this Court cannot conclude that, even

if appellate counsel erred in failing to raise this issue on direct appeal, the outcome of

Clementson's proceedings would have been different.  *See Strickland*, 466 U.S. at 694.

Thus, appellate counsel's failure to raise this issue on direct appeal cannot constitute

cause for Clementson's procedural default.[4]

---

    [4]  Further, in rejecting Clementson's ineffective assistance claim, the state
appellate court distinguished Clementson's case – and *Antenori* – from *State v.
Underwood*, 922 N.E.2d 923, 124 Ohio St.3d 365 (Ohio 2010), a case on which

Further, Clementson offers no argument that this Court's failure to review the merits of his second ground for relief will result in a fundamental miscarriage of justice. A petitioner may satisfy the fundamental miscarriage of justice exception to procedural default by submitting evidence that a constitutional violation has resulted in the conviction of someone who is actually innocent.  *See Dretke v. Haley*, 541 U.S. 386, 393 (2004).  Clementson neither asserts, nor offers evidence, that he is actually innocent.  Accordingly, there is no excuse for, or exception to, his procedural default, and this claim is barred from federal habeas review.

**2.      Third Ground for Relief - Ineffective Assistance - Procedural Default**

In his third ground for relief, Clementson contends that his trial counsel was ineffective in failing to request that the trial court merge his counts of conviction because they were allied offenses of similar import.  Ohio law provides a mechanism through which a criminal defendant may raise a claim of ineffective assistance of counsel.  *See* Ohio Rev. Code § 2953.21.[5]  However, that statute generally requires defendants to file a motion for post-conviction relief within 180 days "after the date on

---

Clementson relies in support of his argument that his trial counsel's ineffectiveness merits habeas relief.

[5]  Generally, under Ohio law, *res judicata* bars a defendant from raising a claim of ineffective assistance in proceedings under Ohio Rev. Code 2953.21 where that defendant could have raised the claim on direct appeal.  *See Perry*, 226 N.E.2d 104, 10 Ohio St.2d 175, ¶ 7 of the syllabus.  However, Ohio courts have recognized that *res judicata* does not apply where a defendant raises a claim of ineffective assistance of trial counsel for the first time in a post-conviction motion and the defendant was represented by the same counsel at trial and on appeal. *See State v. Lentz*, 639 N.E.2d 784, 785-86, 70 Ohio St.3d 527, 530 (Ohio 1994). This is because, under Ohio law, appellate counsel is not expected to assign his own ineffectiveness as an error on direct appeal.  *See Lentz*, 639 N.E.2d at 785, 70 Ohio St.3d at 530.

which the trial transcript is filed in the court of appeals in the direct appeal." Ohio Rev. Code § 2953.21(c)(2).  Clementson has not availed himself of this procedure with respect to this third ground for relief.  The Ohio statute contains two exceptions to the 180-day time limit.  One requires the defendant to show that he was "unavoidably prevented from discovery of the facts" upon which his claim for relief was based or that his claim is based on a newly-recognized federal or state right that applies retroactively. *See* Ohio Rev. Code § 2953.23(b)(2).  Given that Clementson raised the issue of his trial counsel's ineffectiveness as early as October 2010, he cannot now claim that he only recently discovered the facts on which it is based.  Nor does he allege – and, given the well-established nature of the right to counsel, he cannot show – that his ineffective assistance claim is based on a newly-recognized federal or state right.  Accordingly, this first exception will not permit Clementson to raise his ineffective assistance of counsel claim in a state court post-conviction proceeding.  Further, the second exception – which permits late filing where the defendant's claim is based on results of DNA testing, *see* Ohio Rev. Code § 2953.23(b)(2) – clearly does not apply in this case.  Given that neither exception would apply to excuse Clementson's untimely filing of a motion under § 2953.21, it would be futile for him to return to state court to pursue this claim. Accordingly, it is procedurally defaulted.  *See, e.g., Rolling v. Muiligan*, No. 1:12-CV-1007, 2012 WL 3961214 (N.D. Ohio Sept. 10, 2012) (Gaughan, J.) (finding procedural default where the petitioner's state court motion for post-conviction relief would be untimely and neither exception would apply to excuse the untimeliness).

Clementson offers no argument regarding any cause for, or prejudice resulting from, his procedural default of his third ground for relief.  Further, even if this Court

14

broadly construes Clementson's arguments to assert that his appellate counsel's failure to raise the issue on direct appeal – a claim he presented to the state courts – constitutes cause for his default, that argument would lack merit.  Under Ohio law, an attorney who represents a criminal defendant at the trial and appellate levels is not expected to assign his own ineffectiveness as an error on direct appeal.  *See Lentz*, 639 N.E.2d at 785, 70 Ohio St.3d at 530.  Accordingly, Clementson will be unable to satisfy the first part of the *Strickland* test because he cannot demonstrate that his counsel's failure to raise claims based on his own performance was unreasonable "under prevailing professional norms." *Strickland*, 466 U.S. at 688.  Finally, Clementson cannot reasonably argue any cause for his failure to raise his trial counsel's ineffectiveness in a post-conviction proceeding, as he filed a *pro se* motion under § 2953.21, asserting a different basis for a claiming that his trial counsel was ineffective.  (Motion to Set Aside or Vacate Sentence, Doc. No. 9-1 at Ex. 21.)  Further, because Clementson does not allege that he is actually innocent of the offenses for which he was convicted, he cannot demonstrate that this Court's decision not to review his third ground for relief will result in a fundamental miscarriage of justice.  Accordingly, there is no excuse for, or exception to, his procedural default, and this claim is barred from federal habeas review.

### V. The Merits of Clementson's Remaining Claim

The Antiterrorism and Effective Death Penalty Act of 1996 ( "AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus.  As amended, 28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence.  *See Carey v. Musladin*, 549 U.S. 70 (2006); *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000).  Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction.  *See Carey*, 549 U.S. at 74.

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court.  Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams*, 529 U.S. at 404-05 (emphasis added by the quoting court).  A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that reached by Supreme Court holdings on a question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result.  *Id.* at 405-06.  A decision involves an unreasonable application of federal law only if the deciding court correctly identifies the legal principle at issue and

16

unreasonably applies it to the facts of the case at hand.  *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).  "In order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been objectively unreasonable."  *Id*. at 520-21 (internal citations and quotation marks omitted).  This Court applies this deferential standard of review to the state courts' rulings on Clementson's first ground for relief.

In his first ground for relief, Clementson argues that the state trial court violated his Sixth Amendment and Due Process rights when it sentenced him to consecutive terms of imprisonment without first making findings of fact meriting the imposition of consecutive sentences.  The State responds that Clementson's argument lacks merit, and that he has failed to demonstrate how the state courts' decisions on this issue were either contrary to, or involved an unreasonable application of clearly established federal law.

Clementson's argument is premised on changes to Ohio's sentencing scheme that occurred in the wake of the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), holding, generally, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Apprendi*, 530 U.S. at 490.  In *State v. Foster*, 845 N.E.2d 470, 109 Ohio St.3d 1 (Ohio 2006), the Ohio Supreme Court applied the reasoning of *Apprendi* and *Blakely*, and concluded that certain sections and

provisions of Ohio's sentencing scheme were unconstitutional. Among these provisions were former Ohio Rev. Code §§ 2929.14(E) and 2929.41(A), which, together, created a presumption in favor of concurrent terms and required a trial court to make certain factual findings prior to imposing consecutive sentences. *See Foster*, 845 N.E.2d at 494, 109 Ohio St.3d at 25. In its decision, the Ohio Supreme Court severed the unconstitutional provisions from the statutory scheme:

> To remedy this unconstitutional defect, these provisions were severed from remaining, valid portions of the statutory sentencing framework. After the decision in *Foster*, trial judges who imposed consecutive sentences did not need to apply the provisions severed by *Foster* but instead were to apply the law that was displaced by the enactment of the severed provisions.

*Hodge*, 941 N.E.2d 770, 128 Ohio St.3d at 2.

Three years after the decision in *Foster*, the Supreme Court, in *Oregon v. Ice*, 555 U.S. 160 (2009), upheld the validity of an Oregon statute that required trial courts to make certain factual findings prior to imposing consecutive terms of imprisonment. The court reasoned that, because the sentencing statute at issue did not "ero[de] . . . the jury's traditional role," they were not unconstitutional under the Court's rulings in *Apprendi* and its progeny. *Id*. at 171-72; *see also id*. at 172 ("The jury-trial right is best honored through a principled rationale that applies the rule of the *Apprendi* cases within the central sphere of their concern. Our disposition today – upholding an order statute that assigns to judges a decision that not traditionally belonged to the jury – is faithful to that aim.") (internal citations and quotation marks omitted).

In *Hodge*, the Ohio Supreme Court rejected the defendant's claim that the

18

decision in *Ice* "reinstated or revived the Ohio statutory provisions pertaining to consecutive sentences that were held unconstitutional in *Foster*."  941 N.E.2d at 770, 128 Ohio St.3d at 2.  In that case, the defendant argued that, after the Supreme Court's decision upholding the constitutionality of statutes similar to former §§ 2929.14(E) and 2929.41(A), Ohio trial courts were once again required to make certain findings of fact prior to imposing consecutive sentences.  The Ohio Supreme Court determined that this was not the case, noting, that, although the decision in *Ice* was relevant to the reasoning it had employed in *Foster*, that decision did not require the application of the previously severed sentencing statutes:

> We recognize . . . that the decision in *Ice* undermines some of the reasoning in the *Foster* decision that judicial fact-finding in the imposition of consecutive sentences violates the Sixth Amendment. Although there are differences between the Ohio provisions struck down in *Foster* and the Oregon statutes upheld in *Ice,* these distinctions are immaterial in light of the broad reasoning employed in *Ice*. After *Ice,* it is now settled law that *Apprendi* and *Blakely* do not control the resolution of this issue and that the jury-trial guarantee of the Sixth Amendment to the United States Constitution does not preclude states from requiring trial court judges to engage in judicial fact-finding prior to imposing consecutive sentences
>
> Had we the benefit of the United States Supreme Court's decision in *Ice* regarding Oregon's consecutive-sentencing statutes prior to our decision in *Foster,* we likely would have ruled differently as to the constitutionality, and continued vitality, of our own state's consecutive-sentencing provisions. But we did not have that guidance, and our holding was reasonable in light of the status of federal constitutional law at the time.

*Hodge*, 941 N.E.2d at 773, 128 Ohio St.3d at 5-6.  The Ohio Supreme Court concluded

19

that, "[b]ecause the statutory provisions are not revived, trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made."[6] 941 N.E.2d at 777, 128 Ohio St.3d at 10-11.

Although Clementson does not directly state as much in his petition, his argument can – and, given the context in which he raises it, must – be construed to assert that the Ohio Supreme Court's decision in *Hodge* is contrary to or involves an unreasonable application of *Ice*.  In this case, the state trial court sentenced Clementson after the Ohio Supreme Court's decision in *Foster*.  Although the trial court discussed the nature and facts of Clementson's offenses, it did not make specific factual findings regarding why consecutive sentences were appropriate.  The Ohio Supreme Court, after holding Clementson's appeal pending its decision in *Hodge*, affirmed the judgment of the state trial court and dismissed hiss appeal "on the authority of" its decision in *Hodge*.  *See In re Cases Held for Decision in State v. Hodge*, 943 N.E.2d at 535, 128 Ohio St.3d at 235.

Clementson's claim lacks merit.  In *Ice*, the Supreme Court concluded that consecutive-sentence statutes that required judicial fact-finding did not violate the holdings of *Apprendi* and its progeny, and, thus, were constitutional.  It did not, however, require judicial fact-finding before the imposition of consecutive sentences.  Nor did it require the revival or re-enactment of statutes that were severed or otherwise

---

[6]   "The General Assembly . . . recently amended former [R.C. § 2929.14(E)] . . . and enacted new language requiring fact-finding for consecutive sentences." *State v. Calliens*, No. 97034, 2012 WL 589527, *5 (Ohio App. Ct. Feb. 23, 2012).

invalidated based on its prior decisions.  In other words, at most, the Supreme Court's decision in *Ice* suggested that Ohio's prior consecutive-sentencing practice did not violate the Constitution, without concluding that the prior practice was a constitutional necessity.  Clementson points to no other federal legal precedent requiring the state trial court to engage in the judicial fact-finding he requests.  Accordingly, there is no basis for this Court to conclude that the state court decisions in this case were contrary to, or involved an unreasonable application of, clearly established federal law. Clementson's first ground for relief lacks merit.

### VI. Conclusion.

For the reasons given above, Clementson's petition should be dismissed with prejudice.


Date: March 29, 2013                                      */s/ Nancy A. Vecchiarelli*
                                                         United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**

21