UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMMETT CLEMENTSON, IV | ) | CASE NO. 1:12-CV-1317 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| | ) | |
| TERRY TIBBALS, | ) | |
| | ) | |
| Respondent, | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Nancy A. Vecchiarelli. The Report and Recommendation, (ECF #11), submitted on March 29, 2013, recommends that Petitioner Emmett Clementson, IV's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (ECF #1) be dismissed with prejudice. For the reasons stated herein, the Court ADOPTS the Report and Recommendation.

On September 14, 2009, the Petitioner pled guilty to one count each of: attempted murder; aggravated burglar; felonious assault; and domestic violence. On October 14, 2009, the state trial court imposed concurrent 10-year terms of imprisonment on the attempted murder and aggravated burglary counts, to run consecutive to five year consecutive terms on the felonious

assault count, and one and one-half years on the domestic violence count. In total, Petitioner was sentenced to 16 and one-half years of imprisonment. (ECF #11)

Petitioner filed this Petition for Writ of Habeas Corpus on May 25, 2012 following unsuccessful appeals to the state appellate court and the Supreme Court of Ohio. The assignments of error at both appellate levels pertain to the imposition of consecutive sentences. While Petitioner's direct appeal was pending in the state appellate court, Petitioner, proceeding pro se, filed a motion in the trial court to vacate or set aside the sentence under Ohio Rev. Code §2953.21, alleging either ineffective assistance of counsel or manifest miscarriage of justice. On June 21, 2010, the state trial court denied the motion, finding that the claims were barred by res judicata, and that Petitioner had failed to establish either claim.

On October 15, 2010, while his direct appeal was pending in the Ohio Supreme Court, Petitioner, through new counsel, filed an application to reopen his appeal. Petitioner argued that his appellate counsel had been ineffective for failing to raise two issues on appeal. On April 8, 2011, the state appellate court denied Petitioner's application for reopening. The Ohio Supreme Court declined jurisdiction and dismissed the appeal on July 6, 2011. Petitioner then filed this Petition for Writ of Habeas Corpus on May 25, 2012.

On October 15, 2012, the Court referred this case to Magistrate Judge Nancy Vecchiarelli for a report and recommendation pursuant to Local Rule 72.2(b)(2). On March 29, 2013, Magistrate Judge Vecchiarelli recommended that this Court dismiss Petitioner's Habeas Petition. Petitioner objected to the Report and Recommendation, filing an objection April 17, 2013 (ECF # 12). To comply with the statutorily prescribed 14-day period to file objections, Petitioner was required to object on or before April 15, 2013. 28 U.S.C. §636(b)(1). Accordingly, Petitioner's

objection was made out of time. . As such, Petitioner waives the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Even if Petitioner's objection had been timely, Petitioner's argument fails. Petitioner argues that his Grounds for Relief are not procedurally defaulted, and thus is entitled to review on the merits. Petitioner raises similar arguments in the Petition for Writ of Habeas Corpus, and he presents no new arguments as to why his objection should be upheld. As Magistrate Judge Vecchiarelli notes in her Report and Recommendation, with regard to procedural default-the trial court's failure to determine whether Petitioner's convictions were allied offenses of similar import-arises out of the record of proceedings in the trial court, and, thus, Petitioner could have raised it on direct appeal. (ECF #11) He failed to do so and *res judicata* now prohibits him from raising the issue in any post-conviction proceeding. *See State v. Cole*, 443 N.E. 2d 169, 171, 2 Ohio St. 3d 112, 113 (Ohio 1982). Petitioner procedurally defaulted on this ground for relief and he is properly barred from raising now.

Likewise, Petitioner follow proper procedure to raise a claim of ineffective assistance of counsel in the state appellate court. By failing to follow this procedure, Petitioner has eliminated the route to pursue this claim in state court. Therefore, it is procedurally defaulted. *See, e.g., Rolling v. Muiligan*, No. 1:12-CV-1007, 2012 WL 3961214 (N.D. Ohio Sept. 10, 2012).

The Court has reviewed the Report and Recommendation *de novo. See Thomas v. Arn*, 474 U.S. 140 (1985). The Court finds Magistrate Judge Vecchiarelli's Report and Recommendation (ECF #11) to be well-written, well-supported, and correct. Therefore, the Report and Recommendation (ECF #11) is ADOPTED in its entirety. For all these reasons,

Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. §2254 (ECF #1) is DISMISSED WITH PREJUDICE.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

Dated: April 25, 2013